IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SPIRITUAL WARRIOR, also known as SUSAN BERKLEY,

    Plaintiff,

v.

FEDERAL GOVERNMENT and U.S. POLICE,

    Defendants.

OPINION and ORDER

25-cv-612-jdp

---

A person who calls herself Spiritual Warrior alleges that law enforcement officers throughout the country have been violating her rights for decades. She identifies herself as Susan Berkley in her return address, so it is reasonable to infer that is her legal name, and I will refer to her using that name.

The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I accept the allegations as true and read the complaint liberally. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Berkley must still provide fair notice of her claim and "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023), which means that the allegations in the complaint raise a right to relief above the speculative level, *McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020). Stated another way, the plaintiff must "present a story that holds together" under the relevant law. *Taylor v. Salvation Army National Corporation*, 110 F.4th 1017, 1028 (7th Cir. 2024).

Berkley's complaint does not meet the above standard for the reasons below. But I will give her an opportunity to file an amended complaint that fixes the problems identified in this order.

First, "the Federal Government" and "U.S. Police" are not suable entities. Berkley must identify an individual or an agency that she wishes to sue. The United States of America can be sued under certain statutes, such as the Federal Tort Claims Act.[1]

Second, Berkley's allegations are too vague to provide notice of her claim or to raise her right to relief above speculation. Berkley says that local law enforcement in Janesville, South Beloit, Nashville, and Jacksonville have been taking numerous adverse actions against her for 35 years, including threats, searches, arrests, poisoning, attempted murder, and "putting bio-sensors inside" her. But she does not identify any individuals who did these things to her, and she provides no factual basis for her more fantastic allegations, such as the poisoning, attempted murder, and the placement of "bio-sensors." *See Loubser v. Thacker,| 440 F.3d 439, 441 (7th Cir. 2006) (court not required to accept as true allegation that the United States and China conspired to "bio-chemically and bio-technologically infect and invade" the plaintiff).

Berkley also does not provide a plausible basis for inferring that anyone in the federal government is responsible for any of the alleged wrongdoing. She says only that she believes the federal government is "doing all this because [she] was a goof-off in school and in 2001, [she] had a journalist print a 4-page article on police corrpt[ion]." That allegation neither

---

[1] If Berkley chooses to amend her complaint to name any individual federal employees as defendants, she should be aware that plaintiffs generally cannot seek damages against federal employees for alleged constitutional violations. *See Brooks v. Richardson*, 131 F.4th 613, 614–15 (7th Cir. 2025). There are some narrow exceptions discussed in *Brooks* and the cases cited in *Brooks*.

2

identifies who in the federal government is allegedly responsible nor supports a plausible belief that anyone in the federal government is directing or facilitating local law enforcement around the country to harm Berkley.

When, as in this case, the plaintiff alleges "a vast, encompassing conspiracy, . . . the plaintiff must meet a high standard of plausibility." *Cooney v. Rossiter*, 583 F.3d 967, 970–71 (7th Cir. 2009). Berkley's allegations do not come close to meeting that standard. But the general rule is that the plaintiff should be given an opportunity to fix the problems with her complaint. *Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022). So I will give Berkley an opportunity to file an amended complaint.

If Berkley chooses to file an amended complaint, she must use her legal name and sign her complaint with that name. This circuit generally does not allow parties to use pseudonyms. *See Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 912 (7th Cir. 2024). There are exceptions to the general rule, *see Doe v. Trustees of Indiana Univ.*, 101 F.4th 485, 493 (7th Cir. 2024), but Berkley does not provide any reason for identifying herself as "Spiritual Warrior" rather than her real name.

ORDER

IT IS ORDERED that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be GRANTED. Berkley may have until November 12, 2025, to file an amended complaint that fixes the problems discussed in this order. If Berkley

3

does not respond by November 12, I will dismiss the case with prejudice and direct the clerk of court to enter judgment.

    Entered October 22, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge